UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CR-60186-KMM-2

UNITED STATES OF AMERICA,

     Plaintiff,

v.

AARON ROMAN BUTLER,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

This cause is before the Court on a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (ECF No. 89) as to Defendant Aaron Roman Butler.  United States District Judge K. Michael Moore referred this matter to the undersigned to take all necessary and proper action with respect to the Petition.  (ECF No. 95).  Accordingly, the undersigned held an evidentiary hearing on the alleged violation in the Petition. *See* (ECF Nos. 103, 109).  For the reasons set forth below, the undersigned **RECOMMENDS** that the Petition be **GRANTED**.

### I.     BACKGROUND

In August 2017, Defendant pled guilty to charges of conspiracy to import five kilograms or more of cocaine into the United States, in violation of Title 21 U.S.C. § 963 (Count 1) and illegal re-entry after removal, in violation of Title 8 U.S.C. § 1326(a) (Count 5). *See* (ECF Nos. 21, 22, 23, 31).  In December 2017, Defendant was sentenced to 70 months in prison (followed by five years of supervised release) on Count 1, and a concurrent term of 24 months in prison (followed by one year of supervised release) on Count 5.  (ECF No. 64) (Judgment and Conviction Order).  The Judgment and Conviction Order contained the following Special Condition of Supervision:

> Surrendering to Immigration for Removal After Imprisonment – At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the

custody of the U.S. Immigration and Customs Enforcement for removal proceedings .
. . .  If removed, the defendant shall not reenter the United States without the prior
written permission of the Undersecretary for Border and Transportation Security. . . .
If the defendant reenters the United States within the term of supervised release, the
defendant is to report to the nearest U.S. Probation Office within 72 hours of the
defendant's arrival.

(ECF No. 64 at 4).  Relevant to the Petition, Defendant's term of supervised release commenced on

February 22, 2019.

In the Petition, the Probation Officer alleges that Defendant violated the above Special

Condition of Supervised Release (the "Violation").  Specifically, the Petition alleges that on May 11,

2023, Defendant was found in the United States without having obtained prior written permission to

re-enter from the Undersecretary for Border and Transportation Security, as evidenced by

Defendant's encounter with law enforcement that day.

## II.    SUMMARY OF HEARING

On April 11, 2024, the undersigned held an evidentiary hearing on the Petition.  (ECF Nos.

103, 109).  Three witnesses testified on behalf of the Government: (i) DEA Task Force Officer

("TFO") Michael Valdes; (ii) ICE Deportation Officer ("DO") Rolando Caridad; and (iii) U.S.

Probation Officer ("USPO") Deleon Hollinger.  *See* (ECF Nos. 108, 109).

*Testimony of TFO Valdes*

TFO Valdes testified that on May 11, 2023, Miramar Police Officers conducted a traffic stop

of a commercial vehicle in which Defendant was a passenger.  Defendant presented a Bahamian

Driver's License bearing his name (Aaron Roman Butler).  Defendant admitted to TFO Valdes that

he had been deported to the Bahamas approximatively two years ago, after serving a sentence on drug

trafficking charges, but he had illegally re-entered the United States by boat just two months prior to

the traffic stop.  Neither the driver nor the passenger (Defendant) was arrested during the traffic stop.

A few days after the traffic stop, Miramar Police Officers ran an NCIC check on Defendant,

which alerted them to contact the U.S. Probation Office.  After Miramar Police Officers notified the Probation Office of Defendant's presence in the United States, an arrest warrant for Defendant was issued.  Defendant was arrested in Miramar, Florida, on March 1, 2024 for violation of the Special Condition of his supervised release (illegal re-entry).  In a post-arrest statement, Defendant acknowledged the May 11, 2023 traffic stop, discussed the source of currency found during the May 11, 2023 vehicle search, admitted he was residing in Miramar, and consented to a search of his residence.[1]

*Testimony of DO Caridad*

DO Caridad testified that he conducted an immigration records check for Defendant, using Defendant's date of birth and alien registration number.  The immigration records confirmed that Defendant had been deported to the Bahamas in June 2012 and again in February 2019.  The search also confirmed that there was no record of Defendant having obtained permission to re-enter the United States.

*Testimony of PO Hollinger*

PO Hollinger testified that on May 16, 2023, law enforcement notified him that on May 11, 2023, Defendant had been stopped by Miramar Police Officers for a traffic infraction.  Despite the Special Condition of Supervised Release requiring Defendant to contact the nearest Probation Office within 72 hours of re-entry into the United States, Defendant had not notified PO Hollinger or any other Probation Officer of his return to the United States.

### III.    FINDINGS OF FACT AND CONLCUSIONS OF LAW

Based on the evidence presented at the hearing, the arguments of counsel, and being otherwise

---

[1] Although not relevant to the violation in the Petition, a subsequent search of Defendant's townhouse resulted in the seizure of a firearm and 2.2 pounds of marijuana.

duly informed in the matter, the Court finds by a preponderance of the evidence that Defendant committed the violation alleged in the Petition. Specifically, the evidence adduced by the Government to establish Defendant's illegal re-entry into the United States, including the testimony of three witnesses and numerous Exhibits admitted into evidence, is credible, uncontroverted, and substantial. Similarly, the evidence is uncontroverted that Defendant never notified the Probation Office that he had re-entered the country.

## IV.    RECCOMENDATION

Accordingly, the undersigned recommends that the District Judge find that Defendant violated the terms and conditions of his supervised release, as alleged in the Petition, and proceed to sentencing.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on April 16, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge K. Michael Moore
     All Counsel of Record